UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Daniel Carey, Robert Held and Lloyd Hill, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V | ) |
| | ) |
| Allied Pilots Association, | ) |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFFS' VERIFIED APPLICATION

## FOR TEMPORARY RESTRAINING ORDER

NOW COME the Plaintiffs Daniel Carey, Robert Held and Lloyd Hill, by and through their attorneys, Law Offices of Eugene Zemp DuBose and Bodian & Bodian, LLP, and they hereby petition this Court pursuant to Federal Rule of Civil Procedure 65 for entry of an order temporarily restraining the defendant Allied Pilots Association ("APA") from terminating the ballot voting on the Tentative Agreement on April 14, 2003; from counting the ballots; from certifying the results of said ballots; and from otherwise accepting, signing or finalizing the Tentative Agreement prior to the APA membership having the time and written information necessary to make an informed vote on the Tentative Agreement as required under Federal law, the APA Constitution and Bylaws, and the APA Policy Manual. In support of their Petition, Plaintiffs state as follows:

1

## **INTRODUCTION**

The Plaintiffs seek injunctive relief to enjoin the Defendants from a course of conduct which, if allowed to occur, will cause the Plaintiffs irreparable harm and injury.

## FACTS

1.      Plaintiff Daniel Carey is a former member of the Board of Directors of the Allied

Pilots Association ("APA"), a Union which is the exclusive bargaining representative for pilots

employed by American Airlines.  Plaintiff Lloyd Hill is former member of the Board of

Directors and a former Chairman of the Allied Pilots Association Negotiating Committee, and is

a member in good standing in the Miami Domicile of the Union.  Plaintiff Robert Held is a

member in good standing in the Chicago Domicile of the Union.

2.      The APA is the exclusive collective bargaining representative for purposes of

labor agreements with American Airlines pursuant to the Railway Labor Act, 29 U.S.C. § 151,

et~ seq., 181 et. seq. The governing powers of the APA with respect to its representatives are set

forth in its Constitution, Bylaws, and APA Policy Manual. The conduct of the Union, the Board,

and the Officers is also governed by the APA Policy Manual.

3.      The APA negotiating committee, acting pursuant to the APA Constitution,

Bylaws, and Policy Manual recently reached a tentative proposed Collective Bargaining

Agreement with American Airlines.

4.      Pursuant to the APA's Constitution, Bylaws, and Policy Manuals, the negotiating

committee is then required to forward the Tentative Agreement to the Board of Directors for

approval through the APA. Pursuant to the Constitution, Bylaws, and Policy Manual, the APA is

required to provide all Directors with a full and complete copy of the Tentative Agreement for

consideration at least seven days prior to any meeting to ratify or reject the Tentative Agreement.

5.      On or about March 31, 2003 the APA Board of Directors ("Board") voted on and

approved a Tentative Agreement, despite the failure of the APA to so provide all Directors with

a full and complete written copy of the Tentative Agreement, as required under Section 9.06 of

the APA Policy Guide, for consideration at least seven days prior to any meeting to ratify or reject the Tentative Agreement.

6.      Pursuant to the APA's Constitution, Bylaws, and Policy Manuals, the Board is required to provide a complete copy of the Tentative Agreement to the general membership of the Union at least 14 days prior to a vote thereon.

7.      None of the Plaintiffs have received a full and complete copy of the Tentative Agreement, no such document currently exists, and the terms of any such agreement continue to be negotiated between the APA and American Airlines.

8.      If the Tentative Agreement vote is allowed to be concluded, tallied and certified on April 14, 2003 as scheduled, the Plaintiffs, and the membership of the Union, will have been deprived of any opportunity to cast a meaningful and informed vote.

9.      APA and its counsel have refused the request of Plaintiffs and counsel to reset the voting date in order to allow the Plaintiffs and other Union membership to cast a meaningful and informed vote on the Tentative Agreement, and has likewise refused to otherwise satisfy the requirements of the Constitution, Bylaws, and the APA Policy Manual as it pertains to Plaintiffs' rights.

10.     The threat of a bankruptcy filing by American Airlines, Inc. looming over these negotiations, combined with the incomplete nature of the agreement and the rushed actions of the Board in running roughshod over the procedures and protections of the APA's own Constitution, Bylaws and Policy Manual, and applicable Federal law, combine to create an atmosphere which has rendered the proposed Tentative Agreement highly controversial, and the vote on the Tentative Agreement is expected to be very close. Consequently, compliance with the APA procedures as set forth in the Constitution, Bylaws and APA Policy Manual to provide

711605_1

full information to the APA members, and thus allow a thorough analysis of the Tentative

Agreement prior to voting thereon, is crucial.

## THE PLAINTIFF'S CLAIMS

11.     As things now stand, the vote on the Tentative Agreement by the APA

membership will be fatally flawed if it goes forward as scheduled. The APA has declared 4:00

p.m. on April 14, 2003 to be the deadline for voting on the Tentative Agreement, despite the fact

that no final, written version of the Tentative Agreement has been provided to the Membership.

In short, and incredibly, the APA is asking Plaintiffs and the rest of its membership to vote on

what is arguably the most controversial and important contract in the Union's history without

benefit of being able to read the Agreement – indeed, without a final Agreement even existing.

12.     In fact, the APA leadership readily admits over the past 10 days, including as

recently as today, both in e-mails to the entire membership and at "road shows" presented to the

membership, that negotiations on critical elements of the proposed agreement continue with

American Airlines.

13.     The purported Tentative Agreement which the Board of Directors approved on

March 31, 2003 was, in fact, not in written form at the time of such vote and meeting, despite the

specific requirement that it be so under the Constitution, Bylaws and APA Policy Manual.

Accordingly, the vote on the Tentative Agreement at that Board of Directors meeting is, itself,

invalid.

14.     The typical collective bargaining agreement for the APA contains approximately

26 sections. The history of the willy-nilly provision of portions of the purported Tentative

Agreement to the membership from the March 31, 2003 Board approval date to the present

includes, among other errors, omissions and inconsistencies:

(a)     Some sections not having been provided until days after the initial April 1, 2003 website posting;

(b)     At least one section still not being posted to the website;

(c)     Critical sections, including the Scope section and the Definitions section, being posted to the website in at least 3 differing versions, each containing substantive changes from the prior;

(d)     A claimed mailing of the agreement to all members, which has to this date not been received by two of the three Plaintiffs, and by a majority of those surveyed;

(e)     Further, the contents of such mailing, where received, did not include a complete Agreement, and the partial agreement contained in the mailing did not match the language posted on the website.

15.     A court should enter a temporary restraining order where a party demonstrates (1) that the threatened injury to the plaintiff outweighs whatever harm the injunction may cause to the opposing parties, (2) that the plaintiff will suffer irreparable injury unless the injunction issues, (3) that there is a substantial likelihood that the plaintiff will prevail on the merits, and (4) that the injunction, if issued, is in the public interest. *Conoco, Inc.* V. *Watt,* 559 F.Supp. 627, 629 (E.D.LA. 1982). Where a union attempts to conduct a vote that is not in accordance with the Constitution or Bylaws of the union, an injunction enjoining the vote and requiring it to be held in accordance with the Constitution and Bylaws is proper. *See, Ljfutti v. DiBnzzi,* 337 F.2d 216 (2d Cir. 1964).

16.     In the instant case, the Plaintiffs clearly have a protectible right. First and foremost, the Plaintiffs have a protectible right in having their vote be meaningful, and held in accordance with the APA Constitution and Bylaws. 29 U.S.C. §411 et seq.; *see also, Bauman v. Presser* 1984 WL 3255 (D.D.C. 1984) *and Livingston v. Int'l Assoc. of Bridge, Structural and Ornamental Iron Workers,* 647 F.Supp. 723, 726 (W.D.N.C. 1986) ("where a right to vote exists under the constitution or bylaws of the labor organization, its members have the right to enforce

6

711605_1

that provision of the union's constitution or bylaws"). The Plaintiffs have a protectible interest in having adequate time – and adequate information in the form of a written document - to analyze the terms of the Tentative Agreement and to seek advice as to what impact the terms of that proposed agreement may have on the APA members prior to voting.

17.     Failure to issue the temporary restraining order will result in irreparable harm not only to the Plaintiffs but to similarly situated APA members and Directors. There is no remedy available at law to the Plaintiffs because the damages that they will suffer if the vote goes forward are the inability to adequately review the terms of the Tentative Agreement before voting on it, and the resulting passage or failure of an agreement whose terms were not even known at the time of the vote.

**RELIEF**

The Defendant has materially violated the terms of the APA Policy Manual, the APA Constitution and Bylaws, and Federal law. As a result, in order to prevent the Plaintiffs from suffering immediate and irreparable harm, this Court should issue a temporary restraining order:

(a)     maintaining the status quo by enjoining the APA and/or its Board of Directors from terminating the membership voting on the Tentative Agreement on April 14, 2003;

(b)     maintaining the status quo by enjoining the APA and/or its Board of Directors from terminating the membership voting on the Tentative Agreement prior to 14 days from the date a final Tentative Agreement is provided to the membership as required by the APA Constitution, Bylaws, and Policy Manual; and

(c)     maintaining the status quo by enjoining the APA and/or its Board of Directors from counting the ballots on April 14, 2003.

(d)     maintaining the status quo by enjoining the APA and/or its Board of Directors from certifying the results of said ballots, and from otherwise accepting, signing or finalizing the Tentative Agreement prior to the APA membership having the

711605_1

time and written information necessary to make an informed vote on the Tentative Agreement as required under Federal law and the APA Constitution, Bylaws and Policy Manual.

WHEREFORE, the Plaintiffs Daniel Carey, Robert Held and Lloyd Hill, by and through their attorneys, Bodian & Bodian, LLP and Eugene Zemp DuBose, respectfully petition this Court for a temporary restraining order enjoining and commanding the performance of the Defendant Allied Pilots Association, its Board of Directors, officers, agents, servants, and employees, in accordance with the Petition for Temporary Restraining Order herein and for such other relief as this Court deems proper.

April 11, 2003

Respectfully submitted,

By:_____
David H. Bodian, Esq.

One of the Plaintiffs' Attorneys

711605_1

Eugene Zemp DuBose
TBN 06151975
3303 Lee Parkway, Suite 210
Dallas, Texas 75219
(214) 520-2983
(214) 520-2985  Fax


David H. Bodian
DB-2625
BODIAN & BODIAN, LLP
425 Broad Hollow Road
Melville, New York  11747
631-249-3900
631-249-4298  Fax

9

# VERIFICATION

I, Daniel Carey, a member of the Allied Pilots Association and a Plaintiff in this action, being first duly sworn under oath depose and state that I have read the foregoing Plaintiffs' Petition for Temporary Restraining Order and find the allegations contained therein to be true and correct to the best of my knowledge, information and belief.


_____
Daniel Carey


Subscribed and Sworn to before me
this _11_ day of April, 2003



_____
Notary Public
02FK5012016
6|15|03
Nassau     County

## VERIFICATION

I, Robert Held, a member of the Allied Pilots Association, being first duly sworn under oath depose and state that I have read the foregoing Plaintiffs' Petition for Temporary Restraining Order and find the allegations contained therein to be true and correct to the best of my knowledge, information and belief.

_____
Robert Held

Subscribed and Sworn to before me
this ____ day of April, 2003

*************************
* "OFFICIAL SEAL" *
* GLENDA RENE BROADUS *
* Notary Public, State of Illinois *
* My Commission Expires 9/1/04 *
*************************

## VERIFICATION

I, Daniel Carey, a member of the Allied Pilots Association and a Plaintiff in this action, being first duly sworn under oath depose and state that I have read the foregoing Plaintiffs' Petition for Temporary Restraining Order and find the allegations contained therein to be true and correct to the best of my knowledge, information and belief.

_____

Daniel Carey

Subscribed and Sworn to before me
this __11__ day of April, 2003

_____

Notary Public

O2FK5012016
6|15|03
Nassau    County